Rachel Love, Bar # 019881
Jamie D. Guzman, Bar # 022095
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Tel.: (480) 420-1600
Fax: (480) 420-1695
rlove@strucklove.com
jguzman@strucklove.com

*Attorneys for Plaintiff CoreCivic, Inc.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| CoreCivic, Inc., | Case No. _____ |
| Plaintiff, | **COMPLAINT** |
| v. | |
| Great American Insurance Company of Ohio, | |
| Defendant. | |

Plaintiff CoreCivic Inc., by way of its Complaint against Defendant Great American Insurance Company of Ohio, hereby states and alleges as follows:

**PARTIES AND JURISDICTION**

1.   Plaintiff, CoreCivic, Inc., ("CoreCivic") is a Maryland corporation with its headquarters located in Nashville, Tennessee.

2.   CoreCivic owns and operates the Central Arizona Florence Correctional Complex located in Florence, Arizona.

3.   In 2016 and at times relevant to this lawsuit, a portion of the Central Arizona Florence Correction Complex was known as the Central Arizona Detention Center.

4.   Defendant Great American Insurance Company of Ohio is a national insurance company with its principal place of business located in Cincinnati, Ohio.

3584785                                1

5. This surety action arises out of a construction performance bond issued by Great American Insurance Company for construction services performed at CoreCivic's Central Arizona Detention Center.

6. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

## GENERAL ALLEGATIONS

7. Sierra Detention Systems, LLC ("Sierra Detention"), at all times relevant to the performance of the Sierra Detention Systems Contract described with specificity below, was an Arizona limited liability company doing business in Pinal County, Arizona.

8. Sierra Detention Systems was previously a licensed contractor registered with the Arizona Registrar of Contractors, License Nos. 0252704 (B-1 General Commercial Contractor), 0246537 (C-11 Electrical), and 0219960 (CR-5 Dual – Detention Equipment).

9. Sierra Detention Systems' general commercial contractor licensure with the Arizona Registrar of Contractors was suspended on or about April 20, 2018, for lack of bond. (License No. 0252704 (B-1 General Commercial Contractor)).

10. Sierra Detention Systems' specialty commercial electrical licensure with the Arizona Registrar of Contractors was suspended on or about December 31, 2018, due to non-renewal. (License No. 0246537 (C-11 Electrical)).

11. Sierra Detention Systems' specialty licensure for detention equipment with the Arizona Registrar of Contractors was suspended on or about December 31, 2018, due to non-renewal. (License No. 0219960 (CR-5 Dual – Detention Equipment)).

12. Sierra Detention Systems entered into a contract with CoreCivic on or about January 1, 2016, to install and/or replace prison locking and intercom systems, Sierra Project No. 151160, Bond No. 4097045 ("Sierra Detention Systems Contract") at CoreCivic's Central Arizona Detention Center located in Eloy, Arizona ("the Facility").

13. The Sierra Detention Systems Contract was an A101-2007 Standard Form Agreement, which incorporates by reference AIA Document A201—2007 General Conditions for the Contract for Construction for the Project.

14. Per the terms of the Sierra Detention Systems Contract, Sierra Detention Systems posted a Performance Bond in the amount of $1,564,841.00. (Bond No. 4097045) issued by its surety, Great American Insurance Company, with a bond date of January 1, 2016.

15. The Performance Bond issued by Great American Insurance Company expressly lists CoreCivic as the owner to which Great American Insurance Company is obligated under the terms of the Bond.

16. Sierra Detention Systems partially performed work in accordance with Sierra Detention Systems Contract but did not complete the project and/or performed substandard work.

17. A Notice of Substantial Completion was issued by R&N Systems Design, L.L.C. (the project's architect) to Sierra Detention Systems on or about March 3, 2017 (with an effective date of March 1, 2017), notifying Sierra Detention Systems that final completion would be issued upon final review, submission of close-out documents, and completion of inspection report items by Sierra Detention Systems. A list of items to be completed or corrected was attached thereto by way of a Field Inspection Report issued by R&N Systems Design to Sierra Detention Systems.

18. On March 3, 2017, R&N Systems Design provided Sierra Detention Systems with a Field Inspection Report regarding the overall completion/non-completion status of the Security Electronics systems installation, provided findings regarding additional work required to complete the project, and notified Sierra Detention Systems that R&N Systems would return to the site at a later date to verify corrections had been made and work completed by Sierra Detention Systems.

19. It took three inspections for Sierra Detention Systems to even achieve Substantial Completion, albeit with an extensive list of repairs and additional work required as detailed below to complete the project.

20. Pursuant to the March 3, 2017, Field Inspection Report completed by R&N Systems Design, the following additional work was required by Sierra Detention Systems to complete the project:

Security Electronic Comments

- Need to replace the #10 awg. Wire from the UPS by-pass switch to the UPS distribution panel with #8 awg. Wire. The breaker is a 40 amp and the wire from the breaker through the by-pass to the load center shall be #8 awg.
- Need to remove the coaxial cable in the racks that was used on the old PLC network. This is in most equipment rooms.
- Need to add some labels to the intercom relay boards. Label the buss and power on the rear of the board.
- There are several locations that has wire/cable with open/exposed copper. Need to cut off and install a crimp cap. Label has future. All unused cabling should be removed or labeled as future.
- Need to install all doors on the equipment racks.
- One WT station in "O" mezzanine level near fire exit door is loose in plate. Need to correct.
- Provide and install correct labeling at each UPS panel. Label PLC, IC, Locking, etc.
- Need to get last few cameras repaired and online.
- Install all wire way covers in equipment rooms.
- Provide fiber layout schedule for each LIU.

- Dress all cabling in racks. All cable tie blocks shall be secured with screws. Cannot depend on the double side tape.
- A By-pass SW cover is missing screws. Not for sure which equipment room.
- Need to secure all wiring at UPS units. Especially at the small terminal board on the back side of unit.
- Secure all LMFC (Flex) to wall with conduit clamps. All units should be the same.
- Get with Justin on the SM fiber installed in Eqt RM. Confirm he is good with location.
- Need to remove the battery cabinet in the main AS electrical room.
- Clean out each equipment rack. Remove all debris.
- Check all security screws in WT plates. Should be stainless steel center pin Torx. Any Zinc placed shall be removed and replaced.
- Confirm and send ERC reports from activities from March 1 to March 3 and email.
- Check all TVSS devices. Several wires were loose and would spin when touched.
- Label all the UPS breaker in the emergency panel. Black magic marker is NOT acceptable.

General Comments

- Need to complete the close-out documents. Document the training, provide sign in sheets.
- Provide spare part list for review before shipping equipment to Maintenance.
- Relocate UPS unit in the SEG electrical room. Furnish and install new by-pass switch. Confirm after installation that it is completely operational. Turnover old by-pass switch to Maintenance staff.

- Furnish and install Security cabinet, electrical panel, disconnect. UPS equipment labels are required by specification 284619-206 13 and 262400-302.A.

350 Control Screen Items

- IC station 11E Fire Inner, screen 1100B, calls up wrong camera. Should be camera 6195.
- Adjust building 600 task group audio level down at amp. The audio is extremely loud at 350 control.
- IC station 600FS and station 600ES calls up wrong camera, should be camera 6145.
- IC station 6Afire Outer H does not call in. Screen 600A.
- Doors 600 electrical and 600 security do not breach when opened. Wire not terminated.

21. Per the project architect, R&N Systems Design, as of May 25, 2017, numerous and significant issues remained unresolved and/or incomplete by Sierra Detention Systems which included but may not be limited to:

- The Locking control system is having control issues on a weekly basis. The Computer Control Stations throughout the facility are losing control to the field devises regularly. Each one of these events is being logged/recorded on the even recording computer. Recourse of action: The correction of this issue of the system is going to require a system integrator that has extensive experience of the Indu-Soft software and Omron PLC systems.
- The Close-out documents which includes all Operation and Maintenance manuals for all electronic systems for the project has not been provided. This includes all PLC programs, HMI software programs and all passwords to the system.
- The contract documents require spare electronic components and

materials to be provided. None of these have been provided to the site. This leaves the facility with no spare parts to repair any failed or faulty devices.

- A UPS by-pass switch for the segregation area was to be provided and installed to replace an existing unit. The unit has not been received onsite, thus has not been installed.

- As part of the contract documents the System Integrator (Sierra Detention) was required to pay for any extra inspection trips required to obtain substantial and final completion of the project. R&N Systems Design had to provide one extra inspection trip with two men to the site in order to do the substantial completion inspection, with a cost of $10,000.00 for the inspection trip.

- As part of the final commissioning of the system, once a new system integrator has been hired, R&N System Design will need to meet with the system integrator onsite to do a complete test and commissioning of the system, with a cost of the final commission inspection trip to be $12,450.00.

22. Upon information and belief, ongoing notifications and/or discussions continued between R&N Systems Design and Sierra Detention Systems regarding Sierra Detention System's repair and completion of work at the Facility through at least late May, 2017, if not later.

23. Because Sierra Detention Systems failed to complete the project and/or provided substandard workmanship, multiple major and minor issues have arisen with the door locking systems and software interface which compromise the normal operation of the prison door locking systems.

24. Sierra Detention Systems and Great American Insurance Company as Sierra Detention Systems' surety, are responsible for all defects due to faulty workmanship and/or completion of the Proposal Scope of Work whether performed (or failed to be

performed) by Sierra Detention Systems or any of its subcontractors.

25. CoreCivic and/or R&N Systems repeatedly attempted and demanded to have Sierra Detention Systems correct and/or complete the various defects or unfinished work but they were unable or unwilling to satisfactorily do so.

26. On July 17, 2017, CoreCivic sent Sierra Detention Systems, LLC and Great American Insurance Company "CoreCivic's Notice It Is Considering Declaring Default And Demand For Meeting With Surety And Contractor" by certified mail, demanding the following issues be completed and cured by August 3, 2017:

- The locking system is experiencing failures: the Computer Control Stations throughout the facility are losing control to the field devices on a weekly basis and it will require a system integrator with extensive experience of Indu-Soft software and Omron PLC systems to correct these integration problems. It is presently unclear how much time and resources will be required to repair these systems integration problems.

- The PLC/HMI fiber and copper networks need to be retested and certified again by a RCDD in accordance with the division 271500 specifications. Programming, communication or hard connections issues are causing the network to perform slowly. ·

- Specification section 280500, 1.7, C, provides for eighty (80) hours of site specific programming changes as required to enhance the operation for staff. That programming has not been provided.

- Sierra has not delivered the close-out documents and items, including without limitation the Operation and Maintenance manuals for all electronic systems, all PLC programs, HMI software programs and all passwords to the system, as required under the Agreements.

- Sierra has not delivered the spare electronic components and materials the Agreements require it to deliver to the Project site, leaving the facility with no spare parts to repair any failed or faulty devices.

- Sierra failed to deliver and install a UPS by-pass switch for the segregation area to replace an existing unit.

- Sierra partially completed the project on March 1, 2017 (substantial completion date), which is 75 days after the date provided in the Agreements, which was December 15, 2016. See A101-2007 § 3.3. The Agreements require Sierra to pay $10,000.00 per day for each calendar day the actual time of the performance exceeds the authorized contract time. *See id*. Sierra thus owes CoreCivic $750,000 in liquidated damages for the delay but this amount will increase daily.

- The Agreements require Sierra Detention Systems to pay for any extra inspection trips required to obtain substantial and final completion of the project and R&N System Design already incurred one additional inspection trip to the site to perform the substantial completion inspection at a cost of **$10,400.00**.

- As a part of the final commissioning of the system, once a new system integrator has been hired, R&N System Design will need to meet with the system integrator onsite to do a complete test and commissioning of the system. The cost for the final commissioning inspection trip will be $12,450.00, to be paid to R&N Systems.

- A meeting at the facility with the bond company's representatives and others must take place in order to review the unresolved issues, incomplete project closeout documents and a system status. R&N System Design, as the Engineer of Record, will need to be present to discuss each item. The cost for this trip for R& System Design will be $8,750.00.

27. No corrective or completion action was taken by either Sierra Detention Systems or Great American Insurance Company to cure the deficiencies identified in

CoreCivic's July 17, 2017, "Notice It Is Considering Declaring Default and Demand for Meeting with Surety and Contractor."

28. Thereafter, and upon providing both Sierra Detention Systems and Great American Insurance Company an opportunity to cure the stated deficiencies, on November 13, 2017, CoreCivic sent Sierra Detention Systems (with copy to Great American Insurance Company) a Notice of Default regarding Sierra Detention's ceasing construction operations at the Facility prior to completing the work described in the Sierra Detention Systems Contract.

29. Specifically, CoreCivic notified Sierra Detention Systems and Great American Insurance Company that:

> In accordance with Article 14, Section 14.2.1 of the General Conditions of the Contract for Construction, CoreCivic declares that Sierra is in default of the Agreements for failing to remedy the items detailed in our July 20, 2017 letter, which are incorporated by this reference, and abandoning the Project. *See* Article 14, Section 14.2.1.1 of the General Conditions of the Contract for Construction. Enclosed for your records is a letter from R&N Systems, the architect of record, certifying that sufficient cause exists for CoreCivic to terminate the Agreements and declare Sierra in default. If Sierra does not cure the default within seven (7) days of delivery of this letter, CoreCivic will terminate the Agreements in accordance with Article 14.2.2 of the General Conditions of the Contract for Construction and will take possession of all materials, equipment, tools, and machinery remaining at the site. CoreCivic will further demand payment of damages, including liquidated damages, for the default when the amount of damages has been determined.

30. Neither Sierra Detention Systems nor Great American Insurance Company as Sierra Detention Systems' surety has corrected or attempted to cure and complete Sierra Detention's deficiencies.

31. Sierra Detention Systems and/or its subcontractors negligently performed and/or failed to complete services agreed to in the Sierra Detention Systems Contract's Proposal Scope of Work.

32. As the surety for Performance Bond No. 4094045 for Sierra Detention Systems, Great American Insurance Company was bound to CoreCivic for complete

performance and/or repair of work obligated to be performed by Sierra Detention Systems pursuant to the Sierra Detention Systems' Contract with CoreCivic.

33. Per Section 5 of Performance Bond No. 4094045, Great American Insurance Company breached its obligations to CoreCivic as Sierra Detention Systems' surety per the terms of Performance Bond No. 4094045 by failing to take required action including but not limited to:

- Arranging for Sierra Detention Systems or another contractor to perform and complete the construction project;
- Undertaking to perform and complete the construction project through its agents or independent contractors;
- Obtaining bids or negotiated proposals from qualified contractors acceptable to CoreCivic for a contract for performance and completion of the construction project;
- As soon as practicable, after investigation, determining the amount for which it may be liable to CoreCivic, and as soon as practicable after the amount is determined, make prompt payment to CoreCivic for completion of the construction project.

34. As a result of substandard workmanship and failure to correct or complete the Sierra Detention Systems Contract's Proposal Scope of Work, along with Great American Insurance Company's breach of its surety obligations under Performance Bond No. 4094045, the Facility requires extensive and expensive repairs exceeding the existing disputed contract balance.

35. CoreCivic has expended in excess of $14,000.00 to date for preliminary fiber testing, repair, and recertification, and will continue to expend significant funds exceeding $75,000.00 as necessary to repair and complete the incomplete and unsatisfactory work performed by Sierra Detention Systems as a result of Sierra Detention Systems' breach of contract and Great American Insurance Company's breach of its surety obligations under Performance Bond No. 4094045.

## FIRST CLAIM FOR RELIEF

**(Breach of Contract)**

36. CoreCivic incorporates by reference the preceding paragraphs as though fully set forth herein.

37. CoreCivic and Sierra Detention Systems entered into an enforceable contract for repair/replacement of door locking and intercom systems at the Facility.

38. Sierra Detention Systems and Great American Insurance Company entered into an enforceable contractor/surety agreement and issuance of Performance Bond No. 4097045 in the amount of $1,564,841.00.

39. Sierra Detention Systems breached the terms of the Sierra Detention Systems Contract by failing to complete the work and/or failing to complete work in a satisfactory and good workmanship like manner.

40. Thereafter, Great American Insurance Company breached the terms of the surety agreement/performance bond by failing to complete the work Sierra Detention Systems was obligated to perform but failed to either complete and/or complete in a satisfactory and good workmanship like manner; and/or failing to make prompt payment to CoreCivic for completion of the construction project.

41. As a direct and proximate result of these breaches by both Sierra Detention Systems and Great American Insurance Company, CoreCivic has suffered damages in an amount to be proved at trial but no less than the cost to replace, repair and complete all the of issues and defects stemming from Sierra Detention Systems' failure to complete or satisfactorily perform at the Facility, together with liquidated damages and recoverable attorneys' fees/costs.

42. Pursuant to A.R.S. § 12-341.01, the terms of the contracts and/or pursuant to the terms of the Performance Bond, CoreCivic is entitled to recover its reasonable attorneys' fees and costs.

///

## SECOND CLAIM FOR RELIEF

### (Breach of Performance Bond, Bond Claim)

43. CoreCivic incorporates by reference the preceding paragraphs as though fully set forth herein.

44. Pursuant to the requirements of A.R.S. § 32-1152, Sierra Detention Systems as principal and Great American Insurance Company as paid surety, executed Performance Bond No. 4097045.

45. Sierra Detention Systems and Great American Insurance Company entered into an enforceable contractor/surety agreement and issuance of Performance Bond No. 4097045 in the amount of $1,564,841.00.

46. CoreCivic is a member of the class intended to be protected by the Performance Bond.

47. Sierra Detention Systems breached the terms of the Sierra Detention Systems Contract by failing to complete the work and/or failing to complete work in a satisfactory and good workmanship like manner.

48. Thereafter, Great American Insurance Company breached the terms of the surety agreement/performance bond by failing to complete the work Sierra Detention Systems was obligated to perform but failed to either complete and/or complete in a satisfactory and good workmanship like manner; and/or failing to make prompt payment to CoreCivic for completion of the construction project.

49. As a direct and proximate result of these breaches by both Sierra Detention Systems and Great American Insurance Company, CoreCivic has suffered damages in an amount to be proved at trial but no less than the cost to replace, repair and complete all the of issues and defects stemming from Sierra Detention Systems' failure to complete or satisfactorily perform at the Facility, together with liquidated damages and recoverable attorneys' fees/costs.

50. Pursuant to A.R.S. § 12-341.01, the terms of the contracts and/or pursuant to the terms of the Performance Bond, CoreCivic is entitled to recover its reasonable

attorneys' fees and costs.

## THIRD CLAIM FOR RELIEF

### (Breach of Implied Covenant of Good Faith and Fair Dealing)

51. CoreCivic incorporates by reference the preceding paragraphs as though fully set forth herein.

52. Under Arizona law, there is an implied covenant of good faith and fair dealing by each and every party to a contract.

53. Sierra Detention Systems breached the implied covenant of good faith and fair dealing by failing to complete, or failing to perform or complete satisfactorily and in a good and workmanship-like manner, the Proposal Scope of Work of the Sierra Detention Systems Contract.

54. Thereafter, Great American Insurance Company breached the implied covenant of good faith and fair dealing by failing to repair, complete and warranty the work Sierra Detention Systems was obligated under the Sierra Detention Systems Contract to perform or complete satisfactorily and in a good and workmanship-like manner, and/or failing to failing to make prompt payment to CoreCivic for completion of the construction project.

55. As a direct and proximate result of these breaches by both Sierra Detention Systems and Great American Insurance Company, CoreCivic has suffered damages in an amount to be proved at trial but no less than the cost to replace, repair and complete all the of issues and defects stemming from Sierra Detention Systems' failure to complete or satisfactorily perform at the Facility.

## FOURTH CLAIM FOR RELIEF

### (Breach of Warranties)

56. CoreCivic incorporates by reference the preceding paragraphs as though fully set forth herein.

57. CoreCivic and Sierra Detention Systems entered into an enforceable contract for repair/replacement of door locking and intercom systems at the Facility.

58.     Sierra Detention Systems and Great American Insurance Company entered into an enforceable contractor/surety agreement and issuance of Performance Bond No. 4097045 in the amount of $1,564,841.00.

59.     Sierra Detention Systems breached the implied warranty of workmanship-like performance by failing to complete the Proposal Scope of Work set forth in the Sierra Detention Systems Contract in a good and workmanship-like manner and in a manner befitting of a skilled contractor.

60.     Sierra Detention Systems breached its express warranty by failing to complete and/or repair the work in a good and workman like manner and in a manner befitting a skilled contractor, and by failing to repair the defects, among other things.

61.     Thereafter, Great American Insurance Company breached express and implied warranties of workmanship-like performance by failing to repair, complete and warranty the work Sierra Detention Systems was obligated to under the Sierra Detention Systems Contract to perform or complete satisfactorily and in a good and workmanship-like manner.

62.     As a direct and proximate result of these breaches by both Sierra Detention Systems and Great American Insurance Company, CoreCivic has suffered damages in an amount to be proved at trial but no less than the cost to replace, repair and complete all the of issues and defects stemming from Sierra Detention Systems' failure to complete or satisfactorily perform at the Facility, together with liquidated damages and any recoverable attorneys' fees/costs.

## **PRAYER FOR RELIEF**

WHEREFORE, CoreCivic requests judgment against Great American Insurance Company as follows:

A.     For actual damages in an amount to be proven at trial;

B.     For consequential and incidental damages in an amount to be proven at trial;

C.     For liquidated damages in an amount to be proven at trial;

D.     For interest at the legal rate from the date of the entry of judgment until paid

in full;

E.    For CoreCivic's reasonable attorneys' fees and costs pursuant to the terms of the Sierra Detention Systems Contract, Performance Bond No. 4097045, and A.R.S. §§12-341.01; and

F.    Such further relief as the Court deems just and equitable.

CoreCivic demands a jury trial as to all triable matters.

DATED this 23rd day of May, 2019.

STRUCK LOVE BOJANOWSKI & ACEDO, PLC

By /s/ Rachel Love
    Rachel Love
    Jamie D. Guzman
    3100 West Ray Road, Suite 300
    Chandler, Arizona  85226

*Attorneys for Plaintiff CoreCivic, Inc.*

3584785

16